UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

JAMES JONES #276080,

        Plaintiff,

v.                                                    Case No. 2:06-CV-166

KEITH SNYDER,                              HON. GORDON J. QUIST

        Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

        The Court has before it Plaintiff's Objection to the report and recommendation dated February 12, 2008. In his report and recommendation, Magistrate Judge Greeley recommended that Defendant's motion for summary judgment based on lack of exhaustion be granted. The magistrate judge concluded that Plaintiff failed to properly exhaust his claim. The magistrate judge noted that in this action, Plaintiff is alleging that Defendant retaliated against him for filing a previous grievance by failing to submit Plaintiff's correct answers to the Kosher test, while in grievances AMF 05-11-02967-28G and AMF 05-07-01933-20Z, Plaintiff merely complained about the lack of a response to his request for a Kosher diet, without mentioning Defendant or his allegation that Defendant retaliated against him.

        After conducting a *de novo* review of the report and recommendation, the Court concludes that the report and recommendation should be adopted.

        In his Objection, Plaintiff says that he did identify Defendant in his grievances because he mentioned "the Chaplain" and Defendant was the only Chaplain at the Baraga facility in 2005. However, even if the respondent to the grievance could determine that Plaintiff was complaining

about Defendant, the fact remains that Plaintiff was not alleging that Defendant retaliated against him.

Plaintiff also asserts that he filed a subsequent grievance regarding the retaliation by Defendant. Plaintiff claims that he filed a grievance, but the grievance was rejected as "duplicative" of Plaintiff's prior grievances against Defendant. He asserts that prison staff returned the rejected grievance to him, but he cannot provide it because it was lost when Plaintiff was transferred to another facility. Plaintiff contends that he can obtain a copy of the grievance if he is permitted to have discovery. In support of his assertions, Plaintiff attaches an affidavit recounting the facts surrounding his lost grievance.

Pursuant to 28 U.S.C. § 636(b)(1), a district court reviewing a magistrate judge's report and recommendation has the discretion to receive additional evidence that was not presented to the magistrate judge. 28 U.S.C. § 636(b)(1). *See also Carpet Group Int'l v. Oriental Rug Importers Ass'n, Inc.*, 227 F.3d 62, 70 (3d Cir. 2000); *Foster v. BNP Residential Properties Ltd. P'ship*, No. 2:06-cv-2440-PMD-RSC, 2008 WL 512788, at *7 (D.S.C. Feb. 25, 2008). However, a court may ignore newly presented evidence it if is untimely and the proponent fails to provide a reason why the evidence could not have been presented to the magistrate judge. *Carpet Group Int'l*, 227 F.3d at 71 (citing *Callas v. Trane CAC, Inc.*, 776 F. Supp. 1117, 1119 (W.D. Va. 1990)). "[T]he purpose of objections to a report and recommendation is to focus the attention of the district court on possible errors of law or fact contained in the report, not to present new evidence and arguments that were not presented to the magistrate in the first instance." *Issacs v. Smith*, 2005 WL 1947811, at *5 (S.D.N.Y. Aug. 12, 2005). Requiring the parties to present all of their evidence to the magistrate judge furthers several purposes, including discouraging piecemeal presentation of evidence and unnecessary waste of judicial resources; relieving opposing parties of the burden of having to

respond to duplicative filings; precluding evidentiary gamesmanship, such as where a party strategically withholds certain evidence from the magistrate judge but presents it to the district court after an unfavorable ruling; and ensuring diligent preparation of the initial papers. *See Morris v. Amalgamated Lithographers of Am.*, 994 F. Supp. 161, 163 (S.D.N.Y. 1998).

In the instant case, Plaintiff had ample opportunity to present his affidavit and argument to the magistrate judge regarding the additional grievance. This information was available to Plaintiff, as it was within his personal knowledge, and he should have presented it to the magistrate judge in response to Defendant's motion for summary judgment. Plaintiff has offered no good reason for his failure to present his evidence and argument to the magistrate judge. Accordingly, the Court will not consider Plaintiff's new evidence.. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued February 12, 2008 (docket no. 39) is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment Based on Lack of Exhaustion (docket no. 23) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's pending motions to amend his complaint to include claims for damages, to produce copies, and to be placed back on the Kosher meal program (docket nos. 26, 34, 36, and 37) are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **dismissed without prejudice**.

Dated: March 20, 2008 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE